UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HEATHER VILLANUEVA,

    Plaintiff,

v.                           CASE NO.:

ASH-LEAH ENTERPRISES
INC. d/b/a SANDOLLAR
RESTAURANT AND MARINA
and JAMES MCKENZIE,
an individual,

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, HEATHER VILLANUEVA ("Plaintiff"), by and through undersigned counsel, hereby sues Defendants, ASH-LEAH ENTERPRISES INC. d/b/a SANDOLLAR RESTAURANT AND MARINA and JAMES MCKENZIE in his individual capacity ("Defendants"), and in support of her claims states as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for tip pooling violations and retaliation under 29 U.S.C. § 215(a)(3).

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Duval County, Florida.

## PARTIES

4. Defendants operate a restaurant in Jacksonville, in Duval County.

5. Defendant Ash-Leah is a Florida corporation.

6. Defendant McKenzie owns and operates Defendant Ash-Leah.

7. Plaintiff worked for Defendants as a bartender at the Sandollar Restaurant and Marina in Jacksonville, Florida.

## GENERAL ALLEGATIONS

8. Plaintiff has satisfied all conditions precedent, or they have been waived.

9. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

10. Plaintiff requests a jury trial for all issues so triable.

11. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Section 6 and 7 of the FLSA, and was thus subject to the individual coverage of the FLSA.

12. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA, 29 U.S.C. §203(d).

13. At all times material hereto, Defendants were an "employer" within the meaning of the FLSA.

14. Defendants continue to be "employers" within the meaning of the FLSA.

15. At all times material hereto, Defendants were, and continue to be, an enterprise engaged in the "providing services for commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

16. At all times material hereto, the annual gross sales volume of Defendants exceeded $500,000 per year. Thus, Defendants were an enterprise covered by the FLSA under 29 U.S.C. §§ 203(r) and 203(s).

17. Defendant McKenzie is the owner of Defendant Ash-Leah.

18. As part of his duties, Defendant McKenzie supervised Plaintiff, and exercised control over the wages, hours, and working conditions of Plaintiff. Defendant McKenzie also controlled the payroll practices of Defendant Ash-Leah.

19. Through the exercise of dominion and control over all employee-related matters at Defendant Ash-Leah, in his individual capacity Defendant McKenzie is also an "employer" within the meaning of the FLSA.

20. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

## FACTS

21. Plaintiff began employment with Defendants as a bartender on February 18, 2019 and worked in this capacity until April 15, 2021.

22. In exchange for Plaintiff's services, Defendants agreed to pay Plaintiff an hourly salary of five dollars and sixty three cents ($5.63), plus tips.

3

23. Defendants required Plaintiff to participate in an illegal and mandatory tip pool (or tip sharing arrangements) in which Defendants distributed Plaintiff's tips to individuals who are not considered "customarily and regularly tipped employees."

24. Plaintiff is considered a "customarily and regularly tipped employee" under the provisions of the FLSA.

25. Defendants' manager is not considered a "customarily and regularly tipped employee" but nonetheless was authorized by Defendants to claim tips owed to Plaintiff and those employees similarly situated as Plaintiff.

26. At all times material hereto, Defendants failed to pay Plaintiff all tips earned.

27. On or around April 3, 2021, Plaintiff objected to Defendants' inclusion of a manager in the tip pool.

28. On or around April 15, 2021, Defendants terminated Plaintiff's employment.

29. Defendants' termination of Plaintiff's employment violated Plaintiff's rights under the FLSA.

30. Defendants' actions were willful, and showed reckless disregard for the provisions of the FLSA.

### COUNT I – FLSA TIP POOLING VIOLATION

31. Plaintiff realleges and readopts the allegations of paragraphs 1 through 30 of this Complaint, as though fully set forth herein.

32. Defendants' policy and practice of requiring its tipped employees to share tips with the Defendants' manager who does not customarily and regularly receive tips, violates the FLSA.

33. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

34. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

    a) Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable statutory minimum wage;

    b) Judgment against Defendants stating that Defendants' violations of the FLSA were willful;

    c) An amount equal to Plaintiff's minimum wage damages as liquidated damages;

    d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

    e) Restitution for tip sharing by Defendants which violated the FLSA;

    f) A declaratory judgment that Defendants' practices as to Plaintiff were unlawful, and grant Plaintiff equitable relief;

    g) All costs and attorney's fees incurred in prosecuting these claims; and

h) For such further relief as this Court deems just and equitable.

## **COUNT II – FLSA RETALIATION**

35. Plaintiff realleges and readopts the allegations of paragraphs 1 through 30 of this Complaint, as though fully set forth herein.

36. By complaining about improper tip pooling practices Plaintiff engaged in protected activity under the FLSA.

37. By terminating Plaintiff's employment, Defendants retaliated against Plaintiff for engaging in protected activity under the FLSA.

38. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

39. As a result of the foregoing, Plaintiff has suffered damages.

***WHEREFORE***, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter a judgment, stating that Defendants retaliated against Plaintiff in violation of the FLSA;

d) Compensation for lost wages, benefits, and other remuneration;

e) Compensatory damages, including emotional distress, allowable at law; and

f) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 11th day of September, 2021.

                Respectfully submitted,

                _____
                **LUIS A. CABASSA**
                Florida Bar Number:
                **WENZEL FENTON CABASSA P.A.**
                1110 N. Florida Avenue, Suite 300
                Tampa, Florida 33602
                Main No.: 813-224-0431
                Direct No.: 813-379-2565
                Facsimile No.: 813-229-8712
                Email: lcabassa@wfclaw.com
                Email: gnichols@wfclaw.com
                **Attorneys for Plaintiff**